## PENKER v. DOLLAR S. S. LINE, Inc., Limited.

District Court, S. D. New York.
June 26, 1934.

Lavenburg & Lavenburg, of New York City (Arthur Lavenburg, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Walter X. Connor, of New York City, of counsel), for respondent.

GODDARD, District Judge.

The libelant, John Penker, seeks to recover maintenance and cure amounting to $5,000 as a result of contracting trachoma in his left eye while employed as a fireman on the respondent's steamship, President Hayes, on a voyage from Marseilles, France, to New York, in September, 1932.

I find that Penker was in sound condition when he entered upon the voyage, and that as a result of coming in contact with towels, food, or other articles handled by a mess boy affected with this disease, he contracted trachoma of the left eye which has, since a short time after the termination of the voyage, produced such a condition of the eye that he is unable to see with it; that it is necessary to bandage and shield it with a patch; that the eye caused him almost continual suffering and prevented him from securing or retaining employment.

I find that while Penker contracted this disease during his service as a fireman on the President Hayes, its seriousness did not become apparent until upwards of 60 days after the termination of the voyage, when he applied for treatment at the Marine Hospital, where he was informed that he was not entitled to treatment there; also that the Long Island Eye & Ear Hospital, where his eye was then being treated, could give his eye better treatment than the Marine Hospital.

A physician called by the respondent testified that the eye condition is incurable; a physician, who has been treating libelant at the Long Island Eye & Ear Hospital, states that in his opinion it is curable; that in order to restore the use of the eye it will first be necessary to clear up the trachoma which will take at least six months, maybe a year and a half, and possibly ten or twelve years; that after the trachoma is eliminated an operation on the eye will be necessary to remove the scars which interfere with the vision; that the reasonable cost of such an operation would be $300, and the reasonable cost of the treatment incidental to it would be $150. Up to now Penker has been receiving free treatment at the Long Island Eye & Ear Hospital. Since receiving his injury he has maintained his wife and small child and himself by using money which he had saved or borrowed from relatives.

I find the reasonable value of his maintenance is at the rate of $15 per week. In addition to this he has spent on an average of $1 a week for medicines, bandages, etc., for his eye.

Some dispute has arisen as to whether or not libelant reported the condition of his eye to the ship's surgeon on the President Hayes during the voyage. I believe that he did. Penker impressed me as an honest and reliable man, and he was positive that he did show his eye to the ship's surgeon and got from him some medicine to bathe it with, and it appears that it was the custom of the surgeon to make no record of minor ailments or treatments which at the time this was thought to be.

In my opinion the libelant is entitled to the sum of $2,100 to cover his maintenance and cure for a reasonable time after the termination of the voyage, and a decree for that amount may be entered against the respondent.